IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA20-19

 Filed: 2 June 2020

Onslow County, No. 17 CRS 57970

STATE OF NORTH CAROLINA

 v.

BOBBY M. CANADY, JR.

 Appeal by defendant from judgment entered 13 September 2019 by Judge

Ronald L. Stephens in Onslow County Superior Court. Heard in the Court of Appeals

13 May 2020.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General David
 D. Lennon, for the State.

 The Epstein Law Firm, by Drew Nelson, for defendant.

 ARROWOOD, Judge.

 Bobby M. Canady, Jr. (“defendant”) appeals from judgment entered upon his

convictions for sale of cocaine, delivery of cocaine, conspiracy to sell or deliver cocaine,

and possession of cocaine with intent to sell or deliver. He contends the trial court

erred or plainly erred during sentencing by improperly applying N.C. Gen. Stat. § 90-

95 and sentencing him for a class G felony rather than a class H felony. For the

following reasons, we find no plain error.

 I. Background
 STATE V. CANADY

 Opinion of the Court

 On 8 May 2018, defendant was indicted by a grand jury on charges of felony

delivery of cocaine, felony conspiracy to sell or deliver cocaine, felony possession with

intent to manufacture, sell, or deliver cocaine, felony manufacture of cocaine, felony

sale of cocaine, and misdemeanor possession of drug paraphernalia. On 4 June 2019,

a grand jury returned an ancillary indictment of defendant as a habitual felon. On

10 September 2019, the State dismissed the charges of manufacture of cocaine and

possession of drug paraphernalia, and defendant was tried before a jury on the

remaining charges.

 On 12 September 2019, the jury found defendant guilty of delivery of cocaine,

conspiring to sell or deliver cocaine, possession with intent to sell and deliver cocaine,

and sale of cocaine. During the charge conference, defense counsel raised no objection

to the proposed jury instructions or verdict sheet. Defendant pleaded guilty to the

status of habitual felon. At sentencing, the trial court arrested judgment on the

conviction of delivering cocaine and consolidated the remaining three convictions into

the single count of selling cocaine. Sale of cocaine is a class G felony, and was

enhanced to a class C felony due to defendant’s habitual felon status. The trial court

thus sentenced defendant to 96 to 128 months’ imprisonment and ordered defendant

to undergo a substance abuse assessment and treatment. Defendant gave oral notice

of appeal in open court.

 II. Discussion

 -2-
 STATE V. CANADY

 Opinion of the Court

 Defendant’s sole contention on appeal is that the trial court committed error

or, in the alternative, plain error by improperly applying N.C. Gen. Stat. § 90-95 and

sentencing him for a class G felony rather than a class H felony. Specifically,

defendant argues that the trial court failed to sentence him based on the “sale or

delivery” of cocaine and that the language of N.C. Gen. Stat. § 90-95 is ambiguous as

to what punishment is required for such a conviction. We disagree.

 At trial, defense counsel raised no objection to either the verdict sheet or the

jury instructions. In addition, defense counsel moved to arrest judgment on

defendant’s conviction for delivery of cocaine, but not the sale of cocaine. On appeal,

defendant now challenges the trial court’s sentencing of him on the sale of cocaine

charge rather than the “sale or delivery” of cocaine, despite failing to raise this issue

at trial. This court reviews unpreserved issues on appeal for plain error.

 [T]he plain error rule . . . is always to be applied cautiously
 and only in the exceptional case where, after reviewing the
 entire record, it can be said the claimed error is a
 fundamental error, something so basic, so prejudicial, so
 lacking in its elements that justice cannot have been done,
 or where [the error] is grave error which amounts to a
 denial of a fundamental right of the accused, or the error
 has resulted in a miscarriage of justice or in the denial to
 appellant of a fair trial or where the error is such as to
 seriously affect the fairness, integrity or public reputation
 of judicial proceedings or where it can be fairly said the
 instructional mistake had a probable impact on the jury’s
 finding that the defendant was guilty.

 -3-
 STATE V. CANADY

 Opinion of the Court

State v. Lawrence, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (emphasis in

original) (internal citations and quotation marks omitted) (quoting State v. Odom,

307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

 N.C. Gen. Stat. § 90-95(a)(1) makes it unlawful to “manufacture, sell or deliver,

or possess with intent to manufacture, sell or deliver, a controlled substance.” N.C.

Gen. Stat. § 90-95(a)(1) (2019). The statute further provides that, generally, “any

person who violates [the statute] with respect to: (1) [a] controlled substance

classified in Schedule I or II shall be punished as a Class H felon” except that “the

sale of a controlled substance classified in Schedule I or II shall be punished as a

Class G felony[.]” N.C. Gen. Stat. § 90-95(b)(1). In State v. Moore, our Supreme Court

interpreted the statute to mean that “a defendant may not . . . be convicted under

N.C. [Gen. Stat.] § 90-95(a)(1) of both the sale and the delivery of a controlled

substance arising from a single transfer.” 327 N.C. 378, 382, 395 S.E.2d 124, 127

(1990) (emphasis in original). There, the defendant faced two indictments for two

separate drug transactions, each charging him with possession of a controlled

substance with intent to sell or deliver, sale of a controlled substance, and delivery of

a controlled substance. Id. at 379-80, 395 S.E.2d at 125. The defendant was

subsequently convicted of all three counts charged, with the trial court treating the

sale count and delivery count as separate offenses. Id. at 380, 395 S.E.2d at 125-26.

 -4-
 STATE V. CANADY

 Opinion of the Court

The trial court consolidated the counts in each indictment for purposes of judgment

and entered two judgments. Id. at 380, 395 S.E.2d at 126.

 Our Supreme Court held that while a defendant may be indicted and tried

under N.C. Gen. Stat. § 90-95(a)(1) for both the sale and delivery of a controlled

substance, they may not be convicted of both if they arose from a single transfer. Id.

at 382, 395 S.E.2d at 127. Instead, in rendering its verdict, the relevant

determination for the jury is only “whether the defendant is guilty or not guilty of

transferring a controlled substance to another person.” Moore, 327 N.C. at 383, 395

S.E.2d at 127. The Moore court thus held that the jury was improperly allowed to

convict the defendant of both the sale and delivery of a controlled substance arising

from a single transfer. Id. It further remanded the case for sentencing because the

three convictions had been consolidated into one judgment, leaving the Court “unable

to determine what weight, if any, the trial court gave each of the separate convictions

for sale and for delivery in calculating the sentences imposed upon the defendant.”

Id. at 383, 395 S.E.2d at 127-28.

 Defendant contends that, based on Moore, he should have been sentenced

based on the transfer of a controlled substance by “sale or delivery,” and that the trial

court erred by not doing so. Furthermore, defendant argues that while N.C. Gen.

Stat. § 90-95 makes clear that selling cocaine should be punished as a class G felony

and delivering cocaine punished as a class H felony, it is unclear as to what the

 -5-
 STATE V. CANADY

 Opinion of the Court

appropriate punishment is for judgment based on the “sale or delivery” of cocaine.

Defendant argues the statute is thus ambiguous because if a jury returns a verdict

that a defendant is guilty of “transferring a controlled substance to another person,”

and it is not clear whether the defendant is guilty of transfer by sale or by delivery,

or both, the trial court will not be able to determine the appropriate class of felony for

sentencing purposes. Defendant contends that, in light of the ambiguity, this Court

should apply the doctrine of lenity, which requires the strict construction of the

statute in favor of the defendant. State v. Maness, 363 N.C. 261, 300, 677 S.E.2d 796,

820 (2009) (quoting State v. Scoggin, 236 N.C. 1, 10, 72 S.E.2d 97, 103 (1952)). In

defendant’s view, because the delivery of cocaine carries a lesser punishment than

the sale of cocaine, the trial court should have sentenced him based on delivering

cocaine, a class H felony, rather than as a class G felony associated with selling

cocaine. See N.C. Gen. Stat. § 90-95(b)(1). Accordingly, absent the trial court’s error,

defendant would have received a lesser sentence and was therefore prejudiced. We

are not persuaded by defendant’s argument.

 The present case is distinguishable from Moore because, unlike the sentence of

the defendant there, it is clear from the facts of this case how the trial court calculated

the sentence it imposed on defendant. Here, though the jury convicted defendant of

both selling and delivering cocaine, the trial court granted defendant’s motion to

arrest judgment on the delivery of cocaine conviction.

 -6-
 STATE V. CANADY

 Opinion of the Court

 A motion in arrest of judgment is proper when it is
 apparent that no judgment against the defendant could be
 lawfully entered because of some fatal error appearing in
 (1) the organization of the court, (2) the charge made
 against the defendant (the information, warrant or
 indictment), (3) the arraignment and plea, (4) the verdict,
 and (5) the judgment.

State v. Pakulski, 326 N.C. 434, 439, 390 S.E.2d 129, 131-32 (1990) (internal citations

omitted) (quoting State v. McGaha, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982)).

“When judgment is arrested because of a fatal flaw which appears on the face of the

record . . . the verdict itself is vacated and the state must seek a new indictment if it

elects to proceed again against the defendant.” Id. at 439, 390 S.E.2d at 132. Here,

the trial court arrested judgment on the delivery of cocaine conviction, consolidated

the remaining convictions into a single count of sale of cocaine, and sentenced

defendant accordingly. Thus, the purpose of Moore—to prevent a defendant from

being doubly punished for transfer arising from the same transaction—was

ultimately achieved and the problem addressed by the Moore court eliminated:

defendant was in effect only convicted and sentenced based on the sale of cocaine,

rather than both the sale and delivery of cocaine.

 The dilemma described by defendant is thus not the situation we are faced with

here, and we need not address it. However, we note that, even if it were, this Court

previously noted in State v. Anthony Moore, No.COA19-301, 2020 WL 64900, *2, n.1

(N.C. Ct. App. Jan. 7, 2020) that a trial judge’s decision concerning how to sentence

 -7-
 STATE V. CANADY

 Opinion of the Court

a defendant based on a transfer by “sale or delivery” judgment will be based on certain

critical facts proven at trial. Though our decision in Anthony Moore was unpublished,

the same reasoning applies here. In addition, contrary to defendant’s assertion, there

is no requirement that the trial court must choose to vacate the more severe

conviction rather than the lesser. See State v. Fleig, 232 N.C. App. 647, 651, 754

S.E.2d 461, 464 (2014) (remanding for sentencing a judgment based on both the sale

and delivery of marijuana in a single transaction, and instructing the trial court to

either vacate the sale of marijuana conviction or delivery of marijuana conviction).

Accordingly, defendant cannot establish the prejudice needed to show that plain error

occurred below.

 III. Conclusion

 For the foregoing reasons, we find no plain error.

 NO ERROR.

 Judges DIETZ and TYSON concur.

 -8-